IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN SMITH, | : | CIVIL NO. 4:10-CV-2133 |
| | : | |
| Plaintiff, | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JANINE DONATE, et al., | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM ORDER

In this action, the *pro se* plaintiff, Alan Smith, has filed a detailed complaint, comprised of 224 separately numbered paragraphs, in which he alleges that corrections officers, prison employees, and other individuals providing services to inmates at the Lackawanna County Prison subjected him to routine beatings, harassment, and other malicious conduct during the 48-day period between November 19, 2008, and January 5, 2009, when he was temporarily housed at the prison as a witness to a grand jury proceeding.

This matter now comes before the Court on a motion by Smith to compel discovery. (Docs. 65 and 66) In his motion Smith alleged a wholesale failure by defendants to respond to his discovery requests. (Id. ) The defendants have now

responded to this motion, advising the Court that they have provided Smith with responses to all of his outstanding discovery requests. In light of this reply, the defendants suggest that this issue is now moot.

We agree. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp</u>., 77 F.3d 690, 698-99 (3d Cir. 1996). Since these defendants have replied to Smith's discovery demands, Smith's request for an order directing a response is now moot, and this motion to compel (Doc. 65), will be DISMISSED as moot.

So ordered this 18th day of July, 2011.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge