UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN SMITH | : CIVIL ACTION – LAW |
| | : |
| Plaintiff, | : (JUDGE RAMBO) |
| vs. | : (MAG. JUDGE CARLSON) |
| | : |
| JANINE DONATE, et al. | : NO. 4:10-CV-02133 |
| | : |
| Defendants, | : (ELECTRONICALLY FILED) |

**LACKAWANNA COUNTY DEFENDANTS'
BRIEF IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT**

I. **PROCEDURAL HISTORY**

On or about October 15, 2010, Plaintiff Alan Smith, filed a pro se Complaint against the Moving Defendants and Dr. Zaloga alleging that they had violated his civil rights. Summons were issued to the Moving Defendants and they were served with the Complaint on November 9, 2010; thereby making their answer or responsive pleading due on or before November 30, 2010. Moving

1

Defendants filed a Motion for Enlargement of Time to Answer or Otherwise Plead on December 3, 2010 which was granted by the Court.

On January 14, 2011, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint. On February 17, 2011, this Honorable Court entered a Case Management Order establishing deadlines for the orderly progression of this litigation. This Order was subsequently revised on July 18, 2011 establishing a discovery deadline and dispositive motion deadline of October 17, 2011. On October 6, 2011, Co-Defendant Zaloga filed a Joint Motion for Enlargement of Time to file Dispositive Motions and briefs which was granted by this Court on October 7, 2011, thereby making dispositive motions due on November 16, 2011.

On November 16, 2011, the Lackawanna County Defendants filed their Motion for Summary Judgment and Statement of Undisputed Material Facts. This brief is filed in support of their Motion for Summary Judgment.

II. **STATEMENT OF FACTS**

Plaintiff alleges in his Complaint that while he was temporarily incarcerated at the Lackawanna County Prison (from November 19, 2008 to January 5, 2009) he was subjected to various forms of physical and psychological abuse from various prison staff members and that he was not properly treated by medical staff

or that medical treatment was withheld from him. (*See* Complaint generally). He further alleges that his constitutional rights were violated with respect to disciplinary proceedings which were conducted regarding allegations of his misconduct.

At the outset, it should be noted that Smith's Complaint is comprised of 224 paragraphs spread over forty-one (41) pages. Rather than regurgitate each allegation, in an effort to organize the County Defendants' arguments for the Court's benefit, Defendants will endeavor to address Smith's claims by subject matter. Smith's Complaint alleges constitutional violations on the basis of the following conduct by the following Defendants:

> 1) Assault by guards or failure to intervene to prevent assaults by Defendants Capone, Chiarelli, Moskwa, Talutto, Mallick, Blume and Shanley;
>
> 2) Failure to address serious medical needs by Defendants Mallick and Shanley;
>
> 3) Verbal harassment claims against Capone, Blume, Mallick and Talutto; and
>
> 4) Due Process violations with regard to the disciplinary process by Defendants Maloney and Hebron.

The Complaint does not allege any conduct on the part of Defendants

Donate and Carroll that would rise to the level of a constitutional violation.[1]

The Defendants have complied with L.R. 56.1 and filed with this Brief their comprehensive Statement of Undisputed Material Facts, properly supported by Affidavits and Incident Reports maintained by the Lackawanna County Prison.[2]

III. **STATEMENT OF THE QUESTION PRESENTED**

> **WHETHER THE UNDISPUTED RECORD ENTITLES THE COUNTY DEFENDANTS TO SUMMARY JUDGMENT?**
>
> (Suggested Answer: In the Affirmative)

IV. **LAW AND ARGUMENT**

    A.    <u>**THE LEGAL STANDARD**</u>

Summary judgment is appropriate if the "pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." <u>Fed. R. Civ. P. 56( c)</u>; *see also* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-

---

[1] As personal involvement in the alleged constitutional violation is the *sine qua non* for the imposition of liability under 42 U.S.C. §1983, <u>Rode v. Dellaciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988), no further argument on behalf of these Defendants is necessary.

[2] The page limitations for this brief preclude reiteration of all of the testimony of the named Defendants refuting the unsupported allegations of Smith's Complaint. Accordingly, the Moving Defendants incorporate their Statement of Undisputed Material Facts as though the same were set forth in their entirety.

23, 106 S.Ct. 2548, 91 L.Ed. 2d 265(1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F.Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; *see also* Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all of the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re* Bressman, 327 F.3d 229, 238 (3d Cir. 2003); *see also*
5

Celotex, 477 U.S. at 325.  If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor.  Boyle v. County of Allegheny, 139, F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates that entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).[3]

     **B.**    **BASED UPON THE UNDISPUTED FACTS OF RECORD, EACH OF PLAINTIFF'S CLAIMS FAILS AS A MATTER OF LAW.**

          **1.**    **PLAINTIFF'S CLAIMS OF DIRECT ASSAULT OR FAILURE TO INTERVENE BY DEFENDANTS BLUME, CAPONE, CHIARELLI, MOSKWA,**

---

[3] If the nonmoving party has the burden of proof at trial, the party moving for summary judgment is not required to "support its motion with affidavits or other similar material negating the opponent's claims," Celotex, 477 U.S. at 323, in order to discharge this "initial responsibility."  In this situation, the movant "'show[s]'- that is, point [s] out to the district court- that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

## TALUTTO, MALLICK AND SHANLEY ARE NOT SUPPORTED BY THE UNDISPUTED FACTUAL RECORD.

In an excessive force claim the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In Hudson, the United States Supreme Court specifically rejected a "deliberate indifference" standard for judging claims of excessive use of force, finding that standard inappropriate under conditions where corrections officials must make decisions "in haste, under pressure, and frequently without the luxury of a second chance." Id. (quoting Whitley, 475 U.S. at 320).

To determine whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley, 475 U.S. at 321 (citations omitted)). However, summary judgment in favor of a defendant is not appropriate if "it

appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain." Brooks, 204 at 106 (quoting Whitley, 475 U.S. at 322)).

Courts have held that not all tortious conduct which occurs in prison rises to the level of an Eighth Amendment violation. *See* Howell v. Cataldi, 464 F.2d, 272, 277 (3d Cir. 1972) (not all tortious conduct redressable under state law constitutes cruel and unusual punishment). Furthermore, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitutional rights." Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D.Pa. 2001) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). Indeed, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (quoting Whitley, 475 U.S. at 327)).

While an inmate need not suffer serious injuries to set forth a claim of excessive force, the extent of an injury suffered by an inmate is a factor that may be considered in determining whether the use of force is excessive. Hudson, 503 U.S. at 9. In addition, courts considering claims of excessive force have generally

held that a single, isolated incident does not rise to the level of a constitutional violation. *See e.g.*, Norman v. Taylor, 25 F.3d 1259, 1262-64 (4th Cir. 1994); White v. Holmes, 21 F.3d 277, 280-81 (8th Cir. 1994); Black Spotted Horse v. Else, 767 F.2d 516 (8th Cir. 1985); Ricketts v. Derello, 574 F.Supp. 645 (E.D. Pa. 1983).

In the instant case, Defendants Capone, Chiarelli, Moskwa, Talutto and Mallick have all submitted sworn affidavits indicating that they did not assault Smith as he has alleged. Moreover, the testimony of Dr. Zaloga regarding his observations of what he witnessed during the cell extraction of November 21, 2008, which serves as the primary incident about which Smith complains documents that Dr. Zaloga did not witness any excessive force committed by the guards. Each of the incident reports completed by the guards in question support the testimony contained in their affidavits.

Moreover, there is a lack of any credible evidence in the record to support Smith's claim that he sustained any injury that would justify the inference of the type of "wanton infliction of pain", Brooks, *supra*, 204 F.3d at 106, which would rise to the level of a constitutional violation.

Based upon the undisputed factual record, the County Defendants maintain

9

that they are all entitled to summary judgment on Smith's excessive force claims.[4]

      2.    **SMITH'S CLAIMS THAT HE WAS DENIED MEDICAL ATTENTION FAIL AS A MATTER OF LAW.**

An inmate making an Eighth Amendment claim on the basis of the denial of medical treatment must show "(1) that the defendants were deliberately indifferent to [his or her] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In the instant case, Defendants have submitted as an Exhibit, the response of Correctional Care, Inc. to Smith's regarding Smith's grievance regarding medical treatment. Correctional Care's memo, uncontroverted in the record, sets forth the following:

> TO: ALAN SMITH
>
> FROM: CORRECTIONAL CARE, INC.
>
> DATE: DECEMBER 30, 2008
>
> SUBJECT: GRIEVANCES

---

[4] There is an allegation that the Defendant Carroll has constitutional liablity based upon a failure to intervene with respect to the cell extraction of November 21, 2008. Carroll cannot be held liable because a failure to intervene claim requires that the Defendant be present at the time of the violation. Smith has made no such allegation against Carroll.

> PLEASE ACCEPT THE FOLLOWING RESPONSE TO YOUR TWO GRIEVANCES DATED 12-20-08 & 12-21-08, AND RECEIVED BY US ON 12-23-08.
>
> YOU WERE RE-COMMITTED TO THE LACKAWANNA COUNTY PRISON ON NOVEMBER 19, 2008. SINCE THAT TIME WE HAVE RECEIVED THREE SICK CALL REQUESTS FROM YOU. WE RECEIVED ONE ON DECEMBER 1, 2008, AND TWO ON DECEMBER 9, 2008. IN RESPONSE TO YOUR REQUEST OF DECEMBER 1, YOU WERE SEEN THAT VERY SAME DAY. IN RESPONSE TO YOUR TWO REQUESTS OF DECEMBER 9, YOU WERE SEEN ON DECEMBER 10.

(Exhibit "R"). Moreover, Dr. Zaloga has testified in his Affidavit that he was present for the cell extraction of November 21, 2008, and he observed no injuries having been sustained by Mr. Smith.

Finally, scrutiny of Mr. Smith's lengthy Complaint and the summary judgment record demonstrate the lack of any allegation of a serious medical need that was left unattended by the named Defendants or Correctional Care. The neglect of a serious medical need is an essential factor, to make out a viable failure to treat claim under the Eighth Amendment. *See*, Rouse, *supra*, 182 F.3d 192.

Accordingly, Smith's claims for inadequate medical treatment must be dismissed.

### 3. SMITH'S CLAIMS OF VERBAL HARASSMENT FAIL AS A MATTER OF LAW.

Smith contends that he was subjected to off color and accusatory epithets by guards and other prison personnel.  But it is well settled that "[t]he use of . . . derogatory language, while unprofessional and deplorable, does not violate the Constitution.  Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."  DeWalt v. Carter, 224 f.3d 607, 612 (7th Cir. 2000) (citations omitted).  As Smith has alleged nothing more than verbal harassment, he cannot recover on this claim.

### 4. SMITH'S DUE PROCESS CLAIMS REGARDING LACK OF NOTIFICATION FOR HIS DISCIPLINARY PROCEEDINGS FAIL TO RAISE A CONSTITUTIONAL VIOLATION

Smith also devotes attention in his Complaint to allege that his rights were violated in the notice he was provided for the misconduct charges leveled against him arising out of the cell extraction conducted on November 21, 2008.  These charges are leveled against Defendants Maloney and Hebron.  These claims do not form the basis for a constitutional violation.

Smith alleges that he was not provided with written notification of the misconduct charges leveled against him and that his misconduct hearing was conducted over his objection. He further maintains that he was subjected to disciplinary confinement in the Restricted Housing Unit (RHU) as a result of these disciplinary proceedings. Notably, he does not allege, that, nor would the record support, a claim that Smith's period of incarceration was extended as a result of the outcome of his disciplinary hearing.

These consequences of the misconduct hearing do not rise to the level of an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," and, thus, do not give rise to procedural due process concerns. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *see* Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (finding that an inmate's placement for fifteen months in administrative custody was not any atypical or significant deprivation.) Insofar as Smith argues that the prison's failure to comply with the state procedures violates due process, he states no claim, because state procedures on their own do not afford prisoners a due process liberty interest. *See, e.g.*, Rodriguez v. McLoughlin, 214 F.3d 328, 339 (2nd Cir. 2000). Moreover, due process violations are neither triggered by the loss of a prison job, *see* Bryan v. Werner, 516 F.2s 233, 240 (3d Cir. 1975), nor by the loss of the possibility for

parole, *see* Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996).  Finally, to the extent that Smith asserts an Eighth Amendment argument for cruel and unusual punishment on the grounds that his confinement in the RHU caused his present mental health condition, such an argument cannot succeed where he has put forth no allegation or evidence that he was denied basic human needs such as food, clothing, shelter, sanitation, medical care, or personal safety.  Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

V.     **CONCLUSION**

    Based upon the foregoing, it is respectfully submitted that Smith's Complaint should be dismissed in its entirety.

                  Respectfully submitted,

                  DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

                  s/Sean P. McDonough
By:  _____
       Sean P. McDonough, Esquire
       Attorney ID # 47428
       Attorney for Lackawanna County
       Defendants

       75 Glenmaura National Blvd.
       Moosic, PA 18507
       Phone (570) 347-1011
       Fax (570) 347-7028
       smcdonough@dlplaw.com

## CERTIFICATE OF SERVICE

      I, SEAN P. McDONOUGH, ESQUIRE, hereby certify that on the 16th day of November, 2011, I served the foregoing BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT upon the persons indicated below as follows:

                    Via first class mail, postage prepaid;

Alan Smith
GZ-2324
SCI -Mahanoy
301 Morea Road
Frackville, PA 17932-0001
SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE
                    Via electronic mail

John Q. Durkin, Esquire
O'Malley, Harris, Durkin & Perry, P.C.
345 Wyoming Avenue
Scranton, PA 18503
Counsel for Defendant Zaloga
jdurkin@omalleyandharris.com

                    Respectfully submitted,

                    DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

                    s/Sean P. McDonough

                    _____
                    SEAN P. McDONOUGH, ESQUIRE
                    Attorney for Lackawanna County Defendants