## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN SMITH,** | : | **Civil No. 4:10-CV-2133** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JANINE DONATE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

In this action, Plaintiff Alan Smith, a state inmate who was previously held in the custody of the Lackawanna County Prison, has sued 14 individuals who were either employed by, or otherwise provided services to, the prison during the period Smith was housed at this facility.  Plaintiff alleges that these 14 defendants violated his constitutional rights by subjecting him to harassment, excessive force, and deliberate indifference to his serious medical needs during his incarceration.

This case now comes before the Court for resolution of a discovery dispute. Specifically, Smith has filed a motion to compel the production of four categories of information:  First, Smith seeks production of portions of the personnel files of the defendants, in particular "documents pertaining to allegations of misconduct, complaints, grievances, made against the Defendants past and present" and

specifically seeks personnel file information relating to prior excessive force claims leveled against the defendants.   Second, Smith requests production of the prison unit log for the period from November 20, 2008 through January 5, 2009.   Third, Smith demands information concerning the make, model, and purchase date for the video camera used to videotape the plaintiff's cell extraction on November 21, 2008. Fourth, Smith requests interior photographs of the prison. (Docs. 90 and 91)

The defendants have responded to this motion, noting as follows:  First, with respect to Smith's request for production of the prison unit log for the period from November 20, 2008, through January 5, 2009, the defendants state that they have provided plaintiff with a copy of excerpts of the Log Book entries from November 20, 2008, to January 5, 2009, the time period for which the plaintiff was incarcerated and which is the subject time period for this lawsuit.  Second, as for Smith's demand for information concerning the make, model, a purchase date for the video camera used to videotape the plaintiff's cell extraction on November 21, 2008, the defendants have indicated that no video tape of the cell extraction exists.  Therefore, the defendants take the position that what type of video camera the prison has or when it was purchased is irrelevant.   Third, with regard to Smith's requests for interior photographs of the prison, the defendants resist producing these photographs prior to trial for security reasons, but have agreed to produce these photographs for the

plaintiff at the time of trial.  Finally, with respect to Smith's request for access to other disciplinary or personnel files documenting misconduct or excessive force claims leveled against individuals defendants, the defendants have objected to this request on relevance grounds.

Smith has now filed a reply brief, (Doc. 103), which concedes that the defendants' offer of access to photographs at trial satisfied his request for these photographs.  Smith, however, continues to pursue his other discovery requests, arguing: (1) that he has received only excerpts from the prison log books; (2) contending that he still needs information regarding the make and model of the prison video camera; and (3) insisting that his request for "documents pertaining to allegations of misconduct, complaints, grievances, made against the defendants past and present" which specifically seeks personnel file information relating to prior excessive force claims leveled against the defendants, is calculated to lead to relevant and admissible evidence.

The parties have briefed their respective positions on these discovery disputes. (Docs. 90, 91, 98 and 103).  Accordingly, this matter is ripe for resolution.  Having reviewed these pleadings, for the reasons set forth below, Smith's motions will be granted, in part, and denied, in part.

## II.   <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery dispute.   At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1)

4

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)

(holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. <u>Morrison v. Philadelphia Housing Auth</u>., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as

defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Furthermore, to the extent that litigants seek personnel files in discovery, it is well-settled that courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance

Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

In addition, once the defendants have responded to a motion, advising the court that they have complied with all outstanding discovery requests, the mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the

course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp</u>., 77 F.3d 690, 698-99 (3d Cir. 1996).

Furthermore, in a prison setting, inmate requests for information depicting the interior design of a jail can raise security concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental need to confidentiality of certain data but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

<u>Frankenhauser v. Rizzo</u>, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Finally, one other immutable rule defines the court's discretion when ruling on motions to compel discovery.  It is clear that the court cannot compel the production of things that do not exist.  Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

With these legal guideposts in mind, we turn to consideration of Smith's various discovery requests.

**B.     Resolution of Smith's Discovery Motion**

**1.     Smith's Request for Prison Photographs Is Now Moot**

At the outset, we note that the parties agree that the defendants' offer to make prison photographs available at trial satisfied this particular discovery request.  In light of this agreement by the parties, the particular request is now moot.

**2.      Since There Are No Videos of the Plaintiff's November 21, 2008, Cell Extraction, the Defendants Are Not Required to Provide Detailed Information Regarding Videotaping Equipment Which Was Not Used in this Case**.

As for Smith's request for information regarding the make, model, and purchase date of the defendants' video camera equipment, we note that the defendants attest that this equipment was never used in the plaintiff's case to document his cell extraction. Since the equipment was never used here, its provenance is not relevant to the issues in this lawsuit, and the defendants have justifiably declined to release this information to Smith. This request will be denied.

**3.      The Prison Logs and Records of Discipline Meted Out to the Defendants Will be Submitted for In Camera Review By the Court**

Smith also requests "documents pertaining to allegations of misconduct, complaints, grievances, made against the defendants past and present" and specifically seeks personnel file information relating to prior excessive force claims leveled against the defendants. To the extent that Smith claims that he is entitled to wholesale discovery of these personnel files, we disagree. Defendants and witnesses do not forfeit their personal privacy in personnel records when they are sued. Quite the contrary, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. <u>See, e.g., Reagan-Touhy v. Walgreen Co.</u>, 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); <u>Miles v. Boeing Co.</u>, 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance

<u>Harris v. Harley-Davidson Motor Co. Operations, Inc</u>, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). <u>Miles v. Boeing Co.</u>, 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

However, to the extent that Smith alleges that he seeks disciplinary documents relating to alleged other episodes of prisoner abuse he may set forth an appropriately defined discovery request. The defendants have objected to this request citing several grounds, suggesting both that the disclosure of these third-party complaints would violate the privacy rights of those third parties; <u>see</u> <u>Mincy v. Chmielewski</u>, No. 05-292, 2006 WL 3042968 (M.D.Pa. Oct. 25, 2006)(denying access to third-party complaints on privacy grounds), and that this material is not relevant or calculated to lead to the discovery of admissible evidence since evidence of other wrongs is not admissible in federal proceedings.

11

This particular request is far more legally complex and problematic on a number of grounds, and, therefore, requires a more thorough analysis and response than the current record permits.  At the outset, we recognize that there are legitimate third-party privacy interests that may need to be addressed and protected in connection with this request.  However, with respect to the defendants' relevance objection, we believe that the defendants may misconstrue both the standards that govern discovery and those that control admissibility of other acts evidence in federal cases. The scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined broadly.  Thus, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence".

As we understand it, Smith seeks information concerning other claimed episodes of prisoner abuse by the defendants in order to establish a pattern of behavior by the defendants, a pattern that would allow a fact-finder to infer a motive and intent, and a pattern that would rebut any claim of mistake or innocent error.  If this is the basis for his request, then the request may, in fact, "lead to the discovery of admissible evidence."

Rule 404(b) of the Federal Rules of Evidence governs the admissibility of other acts evidence and provides as follows:  "Evidence of other crimes, wrongs, or acts is

12

not admissible to prove the character of a person in order to show action in conformity

therewith. It may, however, be admissible for other purposes, such as proof of motive,

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident...." Fed. R. Evid. 404(b). With respect to the admissibility of Rule 404(b)

other act evidence:

> While . . . Rule 404(b) is "construed as a rule of inclusion rather than
> exclusion," United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir.1988)
> (internal quotation marks omitted), [the courts] have also cautioned that
> the . . . reasons for introducing prior bad acts evidence may be a
> combination of showing a "consequential fact as well as ... impugn [ing
> a party's] character." United States v. Jemal, 26 F.3d 1267, 1272 (3d
> Cir.1994) (quoting United States v. Sampson, 980 F.2d 883, 886 (3d
> Cir.1992)). Therefore, "when evidence of prior bad acts is offered, the
> proponent must clearly articulate how that evidence fits into a chain of
> logical inferences, no link of which can be the inference that the [party]
> has the propensity to commit the [act] charged." United States v.
> Himelwright, 42 F.3d 777, 782 (3d Cir.1994) (citing Jemal, 26 F.3d at
> 1272).

United States v. Lindsay 339 F. App'x 268, 272 (3d Cir. 2009).

In this case, given the fact that Rule 404(b) is defined as a "rule of inclusion", there

may well be information in other inmate grievances which would be admissible under

the Rule as proof of "motive, opportunity, intent, preparation, plan, knowledge,

identity, or absence of mistake or accident...." Fed. R. Evid. 404(b).  However, no

judgment on the relevance and admissibility of this evidence is possible in the

abstract, and any assessment of these issues involves a multi-faceted and fact-specific analysis of both the proffered evidence and the party's claims.  Recognizing that these prison records may contain arguably discoverable material, we note that in the past courts have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, see Paluch v. Dawson, No. 06-1751, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands.  Paluch v. Dawson, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

This is the course we will adopt here.  We will direct the defendants to provide to the Court for its *in camera* inspection any responsive personnel discipline records, citing the defendants for prisoner abuse.  Armed with this information the Court can determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what format, and under what conditions it may be released to the plaintiff.  To the extent that no such records exist, the defendants shall certify the non-existence of these records, which shall constitute a complete response to this particular inquiry. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088

(E.D.Pa. Dec. 21, 2010); <u>Knauss v. Shannon</u>, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

We will also conduct an *in camera* review of the prison logs requested by Smith in order to address Smith's concerns that the logs may reveal additional pertinent information beyond that contained in the log excerpts previously provided to the plaintiff. <u>Paluch v. Dawson</u>, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

### III.   <u>Conclusion</u>

Accordingly, this 17th day of November, 2011, it is ORDERED that the plaintiff's motion to compel, (Doc. 90), is GRANTED, in part, and DENIED, in part, as follows:

First, given Smith's concession that the defendants' offer to make prison photographs available at trial meets his needs this particular request is now moot.

Second, with respect to Smith's request for information regarding the make, model, and purchase date of the defendants' video camera equipment, we note that the defendants attest that this equipment was never used in the plaintiff's case to document his cell extraction.   Since the equipment was never used here, its provenance is not relevant to the issues in this lawsuit, and the defendants have justifiably declined to release this information to Smith and this request will be

15

denied.

Third, on or before <u>December 1, 2011</u>, we direct the defendants to provide to the Court for its *in camera* inspection  any responsive personnel discipline records, along with the prison logs requested by Smith, and the log excerpts previously provided to Smith, in order to address Smith's concerns that the logs may reveal additional pertinent information beyond that contained in the log excerpts previously provided to the plaintiff.  Armed with this information the Court can determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what format, and under what conditions it may be released to the plaintiff.


*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge

16