# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN SMITH, | : | |
| Plaintiff, | : | Civil Action No. 4:10-CV-2133 |
| v. | : | (Judge Rambo) |
| JANINE DONATE, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## MEMORANDUM ORDER

I. **INTRODUCTION**

Plaintiff Alan Smith has filed a motion seeking reconsideration of the Court's order denying his motion to compel the defendants to produce information regarding the make and model of a video camera that Plaintiff contends was used to film a cell extraction at the Lackawanna County Prison that forms part of the basis for this lawsuit. (Doc. 118)  In the Court's original order denying the motion to compel, the Court noted that Defendants' counsel had represented to the Court that no video recording of this incident was made, (Doc. 98, at 9-10), and for that reason ruled that the discovery Smith sought regarding the video camera lacked any relevance under Rule 26 of the Federal Rules of Civil Procedure. (Doc. 114, at 10)

In the brief Smith has filed in support of his motion for reconsideration, he maintains that the Court "clearly erred" in denying his motion to compel the production of this information. (Doc. 119, at 2) Smith asserts that some of the defendants have provided inconsistent statements regarding the use of a video camera during the cell extraction, and he argues that he should be permitted to discover information about the make and model of the video, and information relating to its purchase, so that he can "prove at trial that the Defendants have repeatedly falsified the statements in their incident reports, interrogatories, etc." (Doc. 119, at 3)

We disagree, and find that Smith has not demonstrated a sufficiently compelling basis to cause this Court to revisit its prior ruling, or to order the defendants to provide this information. Regardless of whether some of the defendants have provided information during discovery that is inconsistent – something about which we take no position in this order – we remain unable to perceive how basic information regarding the alleged camera's make, model, and purchase is relevant either to Plaintiff's substantive claims, or to impeach individual defendants by proving "that the Defendants have repeatedly falsified the statements in their incident reports, interrogatories, etc."

## II. DISCUSSION

The legal standards that govern motions for reconsideration of prior court rulings are both clear and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three narrowly defined circumstances, where a court finds: (1) that there has been an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or prevent manifest injustice. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

In consideration of this narrow standard, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Moreover, a motion for reconsideration is not a tool to

re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F. Supp. at 830.

In this case, it seems that Smith is asserting that the Court made a clear error either of fact or law, because the Court denied Plaintiff's motion to compel discovery of basic information regarding the make and model of a video camera at the Lackawanna County Prison that Plaintiff believes may have been used to record incidents occurring at the prison involving Plaintiff on November 21, 2008. However, we find no substantial basis either to reconsider the Court's earlier ruling, or to compel defendants to produce this information – information that Plaintiff seems to be arguing will be relevant to prove that some of the defendants have provided inconsistent discovery responses, and thereby to impeach their testimony at trial.

Even if it is true that some of the defendants have provided discovery responses that appear inconsistent, we nevertheless do not agree with Plaintiff that the very basic information regarding the video camera that he seeks is relevant within the definition of Rule 26(b), or to prove the substance of Plaintiff's allegations in this action, or even to impeach the defendants.[1]  Plaintiff has simply

---

[1] To the extent Plaintiff is seeking to impeach the defendants about their allegedly inconsistent discovery responses, he will not be prevented from doing so by anything in this order or in the Court's order denying his motion to compel.

not persuasively articulated the relevance of this information, and we, therefore, find no basis to set aside the Court's earlier ruling denying Plaintiff's motion to compel with respect to information concerning the video camera.

### III.  ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiff's motion for reconsideration (Doc. 118) is DENIED.

> /s/ *Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge

Date: November 30, 2011

---

However, Plaintiff has not explained in any way how the information about the video camera that he seeks has any bearing on the truth or falsity of the discovery responses that he has received to date from individual defendants. Accordingly, given Plaintiff's own representations regarding his motivation for seeking this information, we are unable to discern its relevance.