# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN SMITH, | : | Civil No. 4:10-CV-2133 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| JANINE DONATE, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

**I.     INTRODUCTION**

In this action, plaintiff Alan Smith, a state inmate who was previously held in the custody of the Lackawanna County Prison, has sued 14 individuals who were either employed by, or otherwise provided services to, the prison during the period Smith was housed there. Plaintiff alleges that these 14 defendants violated his constitutional rights by subjecting him to harassment, excessive force, and deliberate indifference to his serious medical needs during his incarceration. Thirteen of the defendants are represented by a single lawyer, whereas Defendant Zologa, who allegedly provided medical services to the prison, is represented by separate counsel.

Now pending before the Court is plaintiff's motion to compel defendant Shanley to respond to two interrogatories seeking (1) the names of witnesses or

staff identified or involved in a Lackawanna County Prison incident report dated November 21, 2008 and (2) the names of the trainees listed in the same incident report.  (Doc. 115)  Plaintiff has supported the motion with a brief in support (Doc. 116), in which he recites the necessity for the information sought, provides details explaining the conditions of his custody in state prison that have impaired his ability to prepare documents in this litigation, and asserting his belief that the discovery that he seeks to compel in this motion was timely filed in accordance with the case management deadlines governing this action.  (Doc. 116)  Defendants have filed a brief in opposition to the motion, in which they simply maintain that the two interrogatories propounded upon defendant Shanley were served after the discovery deadline had expired, and therefore no response was due.  (Doc. 121) Plaintiff has filed a reply brief in further support of the motion.  (Doc. 134)  Upon consideration, we will treat the motion to compel as a motion to enlarge the discovery deadlines to permit plaintiff to propound the two final interrogatories upon defendant Shanley, and we will grant such limited relief.

## II.     **DISCUSSION**

Several basic guiding principles inform our resolution of the instant discovery dispute.  At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1)

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are

3

"committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves

4

>substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 U.S. Dist. LEXIS 97590, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such

marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Mindful of the foregoing legal considerations governing motions to compel, we begin by noting as a threshold factual matter that Plaintiff appears to have misread the revised case management order that was entered in this action, and as a result erroneously believed that the discovery deadline had been extended until November 17, 2011, rather than to October 17, 2011. (Doc. 82) (establishing, *inter alia*, October 17, 2011, as the discovery cutoff.)[1]

Notwithstanding this apparent error, it also appears from Plaintiff's submissions that in October and November of this year, he experienced a variety of limitations on his right of access to prison law libraries, and attendant challenges to his ability to work meaningfully on this litigation, owing at least in part to changes to his housing classification status and his transfers between two or more state correctional institutions. (Doc. 116, Ex. A) Defendants have not disputed plaintiff's representations in this regard.

---

[1] We note that this revised case management order was entered upon consideration of plaintiff's own motion, which sought to enlarge the discovery deadline until October 28, 2011. (Doc. 80)

Turning to the substantive basis for the requested relief, we note that the interrogatories that are the subject of the motion are especially discrete, seeking information that is expressly limited in scope. Indeed, the interrogatories seek only the names of witnesses and staff who were identified or involved in the Lackawanna County Prison incident report dated November 21, 2008, and the names of the trainees listed in the same report. (Doc. 116, Ex. B) Plaintiff has represented that the requested discovery is relevant to his claims in this action, and defendants have not disputed the relevance of the information requested.

Given the limited nature of the relief sought, the challenges plaintiff appears to have encountered during October and November of this year with respect to being able to work on this litigation, and in further consideration of the fact that defendants have not objected to the requested discovery on substantive grounds, but instead solely because the interrogatories were propounded after the October 17, 2011 discovery cutoff, we find it in the interests of justice to construe the motion to compel liberally as a motion for a final enlargement of time to complete discovery, and we will grant such relief.

### III. **ORDER**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT plaintiff's motion to compel (Doc. 115) is GRANTED as follows:

1. Plaintiff's motion to compel is construed as a motion to enlarge the discovery period in this action only with respect to the two final interrogatories propounded upon defendant Shanley.

2. Defendant Shanley shall respond to the final two interrogatories within 20 days from the date of this Order.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: December 20, 2011