# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALAN SMITH,** : | Civil No. 4:10-CV-2133 |
| **Plaintiff** : | |
| : | (Judge Rambo) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| **JANINE DONATE, et al.,** : | |
| **Defendants** : | |

## MEMORANDUM ORDER

In this action, Plaintiff Alan Smith, a state inmate who was previously held in the custody of the Lackawanna County Prison, has sued 14 individuals who were either employed by, or otherwise provided services to, the prison during the period Smith was housed at this facility. Plaintiff alleges that these 14 Defendants violated his constitutional rights by subjecting him to harassment, excessive force, and deliberate indifference to his serious medical needs during his incarceration.

This case now comes before the Court for further consideration of a discovery dispute. Specifically, Smith had filed a motion to compel the production of various categories of information including, in particular "documents pertaining to allegations of misconduct, complaints, grievances, made against the Defendants past and present" and specifically seeks personnel file information relating to prior excessive force claims leveled against the Defendants, as well as the entire prison unit log for the

period from November 20, 2008, through January 5, 2009, when he was housed at the prison.

With respect to these requests, we directed the Defendants to provide to the Court for its *in camera* inspection any responsive personnel discipline records, citing the Defendants for prisoner abuse. Armed with this information the Court could then determine: (1) whether this information is relevant to the issues raised in this case; (2) whether it is subject to any valid claim of privilege recognized by the Federal Rules; and (3) to what extent, in what format, and under what conditions it may be released to the Plaintiff. We also agreed to conduct an *in camera* review of the prison logs requested by Smith in order to address Smith's concerns that the logs may reveal additional pertinent information beyond that contained in the log excerpts previously provided to the Plaintiff. Paluch v. Dawson, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

Having conducted this review, we find as follows:

First, our examination of the portions of the prison log released to Smith, and our comparison of those released excerpts against the entirety of the log, confirms that Smith has been provided all pertinent excerpts from the prison log. Therefore, this particular request will be DENIED, and the original prison log will be returned to the defense counsel.

Second, with respect to Smith's request for relevant information from the Defendants' personnel files regarding "documents pertaining to allegations of misconduct, complaints, grievances, made against the Defendants past and present," we construed Smith's request as a request for information of disciplinary findings for similar or related conduct which might be admissible under Rule 404(b) of the Federal Rules of Evidence. The scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined broadly. Thus, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." We further understood that Smith sought information concerning other claimed episodes of prisoner abuse, or related misconduct, by the Defendants in order to establish a pattern of behavior by the Defendants, a pattern that might allow a fact-finder to infer a motive and intent, and a pattern that would rebut any claim of mistake or innocent error. If this is the basis for his request, then we concluded that the request might, in fact, "lead to the discovery of admissible evidence."

With this understanding, we have conducted a review of these personnel records, and have identified a number of instances which occurred between 2001 and 2011 in which individual Defendants were disciplined for infractions involving failure to report the use of excessive force, misconduct relating to the preservation of

evidence following inmate assaults, and neglect of duties in matters affecting institutional security like inmate assaults or escapes. While we do not opine on whether this evidence would ultimately be admissible at any trial, we note that the scope of discovery is not strictly bound by the rules of evidence, and we find that this information, relating to instances in which the prison administration found that individual staff members engaged in this type of misconduct, may "lead to the discovery of admissible evidence" and, therefore, is properly subject to disclosure in discovery.

While we make this finding of relevance we are mindful that, to the extent that litigants seek personnel files in discovery, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance.

Harris v. Harley-Davidson Motor Co. Operations, Inc, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). See also Miles v. Boeing Co., 154 F.R.D. 112,

115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited.").

Accordingly, in order to permit the Defendants to make properly-tailored discovery disclosures of this information, IT IS ORDERED as follows:

1. On or before, **July 9. 2012**, the Defendants shall prepare and provide to the Plaintiff a form of disclosure of the information in their possession, custody and control relating to instances which occurred between 2001 and 2011 in which individual Defendants were disciplined for infractions involving failure to report the use of excessive force, misconduct relating to the preservation of evidence following inmate assaults, and neglect of duties in matters affecting institutional security like inmate assaults or escapes. Upon receipt of this information, if the Plaintiff believes that further disclosure are necessary, he shall renew this motion to compel on or before **July 23, 2012**.

So ordered this 7th day of June 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge