IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALAN SMITH,** | : | **CIVIL NO.  4:10-CV-2133** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JANINE DONATE,** *et al.,* | : | |
| **Defendants** | : | |

# M E M O R A N D U M

## I.        Background

The captioned action was filed pursuant to 42 U.S.C. § 1983 by a pro se Plaintiff, Alan Smith, who is a state prisoner.  Presently before the court is a report and recommendation filed by Magistrate Judge Carlson, recommending disposition of Defendants' motion for summary judgment.  Plaintiff has filed objections to the report and recommendation and the matter is ripe for disposition.

## II.        The Magistrate Judge's Recommendations

Smith's complaint is composed of 224 paragraphs.  The magistrate judge has carefully parsed through the complaint and has discerned that the claims presented in the complaint are Eighth Amendment claims and a Due Process claim.

The Eighth Amendment claims are (1) use of excessive force by others; (2) failing to intervene in use of excessive force by others; (3) failing to protect Smith from inmate assaultive violence and promoting such violence by labeling Smith as a child molester and a cooperating witness; (4) deliberate indifference to Smith's medical needs; and (5) failing to provide Smith with conditions of confinement which met the minimal civilized measure of life's necessities.  The

magistrate judge has accurately stated the law applicable to Eighth Amendment claims and has accurately applied the law to the facts of this case.

### A.  Use of Excessive Force and Failure to Intervene Claims

On the issue of excessive force in the cell extraction, the magistrate judge recommended that summary judgment be denied as to Defendants Stanley, Blume and Mallick.  On the issue of failure to protect during the cell extraction, the magistrate judge recommended that summary judgment be denied as to Defendants Carrol and Zemantauski.  On the other excessive force claims – use of handcuffs while being transported within the prison, the magistrate judge recommended that summary judgment be denied as to Defendants Talutto and Moskwa.

### B.  Failure to Protect Smith From Inmate Assaultive Violence as a Result of Labeling Smith as a Child Molester and Cooperating Witness

The magistrate judge distinguished this claim as being different from mere verbal harassment.  The magistrate judge opined that a jury could find that if staff were found to have intentionally created disclosures that openly identified Smith as a child molester and a cooperating witness, such could create and foster inmate violence toward Smith; thus, a failure to protect claim might be sustained. The magistrate judge recommended that summary judgment, as to this claim, be denied as to Defendants Capone, Blume, Mallick and Talutto.

### C.  Medical Care Claims

The magistrate judge noted these claims were general and vague and often the complaints were leveled against unnamed health care providers.  No personal involvement was alleged specifically against any of the correctional officers named in the complaint.  The magistrate judge recommended that summary judgment be granted to the Defendants on this claim with the exception of Smith's

claim against Defendants Blume, Mallick and Talluto for allegedly waiting four and one-half to seven hours after Smith requested immediate help after he had a caustic cleaning substance sprayed in his eyes.

### D.  Conditions of Confinement

The magistrate judge cited to the specific claims as to the conditions of confinement alleged in the complaint and cited applicable case law where the instances cited by Plaintiff have not been considered worthy of relief.  The magistrate judge recommended that Defendants Chiarelli and Kearney be granted summary judgment on these claims.

### E.  Due Process Violations

Plaintiff's claim of Due Process violations stems from a disciplinary proceeding against Plaintiff which resulted in Plaintiff receiving 100 days of disciplinary custody.  The disciplinary action involved Defendants Maloney and Hebron.  Citing to *Sandin v. Conner*, 515 U.S. 472 (1995), the magistrate judge found that regardless of the factual dispute surrounding the disciplinary hearing, the penalty imposed did not implicate a liberty interest triggering due process protection under the Fourteenth Amendment.

### F.  Claims Against Warden Donate

Throughout the complaint, Plaintiff makes claims against Warden Donate, couched in such terms as:

> Defendant Jaime Donate is the Warden of Lackawanna County Prison.  She is legally responsible for the daily operation of the Lackawanna County Prison and for the welfare of all the inmates at that prison.

(Doc.  1 at p.  207.)  The magistrate judge relied on *Rode v. Dellariciprete*, 845 F.2d 1195, 1207 (3d Cir.  1988), and subsequent cases, which held that "liability cannot be predicated solely the operation of respondeat superior."  Furthermore,

participation in the after-the-fact review of a grievance or appeal is not enough to establish the personal involvement requirement. *Id.* at 1208. In *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (nonprecedential), the court held that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct.

### G.  Summary of Recommendations

Based on the foregoing, the magistrate judge has made the following recommendations:

> 1. The District Court should GRANT summary judgment in favor of defendants Donate, Maloney, Hebron, Kearney, and Chiarelli.
>
> 2. The District Court Should GRANT summary judgment in favor of the remaining defendants on Smith's conditions of confinement claims.
>
> 3. The District Court Should GRANT summary judgment in favor of the remaining defendants on Smith's medical deliberate neglect claims, with the exception of Smith's claim that a caustic cleaning substance was sprayed in his eyes on November 20, 2008, and defendants Blume, Mallick and Talutto ignored his request for help, and denied him water to rinse out his eyes, for approximately four and one half hours before transporting Smith to be seen by medical personnel.
>
> 4. The District Court Should GRANT summary judgment in favor of the remaining defendants on Smith's claims which relate solely to alleged verbal harassment.
>
> 5. The District Court should DENY summary judgment on the remaining excessive force, medical deliberate indifference, and failure to protect claims lodged by Smith against defendants Carrol, Shanley, Blume, Mallick, Zemantauski, Moskwa, Talutto and Capone.

(Report and Recommendation (doc. 150) at pp. 47-48.)

### III.        Plaintiff's Objections to the Report and Recommendation

Smith has filed objections to the report and recommendation. Defendants have not filed objections.

### A.  Objection I

Plaintiff claims that the narrative by the magistrate judge is different from that presented in the complaint but fails to specify or identify the alleged errors of the magistrate judge.  This court has read the complaint and the Plaintiff's brief in opposition; however, the court is not going on its own hunting expedition in an attempt to discern inconsistencies.

### B.  Objection II

Plaintiff points to a discrepancy in the report and recommendation as to the time lapse between when Smith had a substance thrown in his eyes and when he obtained medical treatment.  This issue is not material at this point because the recommendation is for summary judgment to be denied as to the Defendants on that claim.

### C.  Objection III

Plaintiff claims that the magistrate judge erred in failing to present the alleged facts that workers were throwing cups of urine and feces into his cell.  He claims these incidents would support a conditions of confinement claim.  Plaintiff refers to paragraphs 34, 35 and 36 of the complaint.  However, paragraphs 34 and 36 do not identify which Defendants this claim is against.  Paragraph 35 alleges Defendant Talutto of failing to obtain medical treatment for Plaintiff for a fist injury and for the burning in his eyes when disinfectant was sprayed in them.  The report and recommendation, however, recommends that summary judgment be denied as to Defendants Blume, Mallick and Talutto on the claim of failure to obtain medical

treatment for the burning in Plaintiff's eyes.  Thus, this objection is without foundation.

### D.  Objection IV

Smith claims that the magistrate judge failed to present numerous claims regarding violations of his conditions of confinement and invites this court to thoroughly read the complaint and his brief in opposition to the Defendants' motion for summary judgment.  Middle District Local Rule 72.3 requires that objections to the report and recommendation specifically identify the portions to which objection is made and the basis for that objection.  He has not done so.

In the report and recommendation, the magistrate judge addressed Plaintiff's allegations on the following conditions of confinement: (1) interruption of water service; (2) inadequate bedding, meals, and hygiene products; (3) deprivation of meals; (4) being without clothes.  Each of these claims were addressed citing to case law supporting why these claims did not rise to a constitutional violation.  Plaintiff does not counter the case law cited by the magistrate judge.  This objection is without merit.

### E.  Objection V

Plaintiff claims that the magistrate judge overlooked the conditions of confinement claim alleged against Defendants Donate, Blume, Hebron, Maloney, Talutto, and Moskwa.  This is a general assertion not supported by specific incidents.  Instead, once again, Plaintiff directs the court's attention to the complaint as a whole and to page 4 of document 124 (Plaintiff's brief in opposition to Defendants' motion for summary judgment).   Plaintiff's has not supplied specific allegations and this court is not required to make specific objections on his behalf.  Therefore, this objection is without merit and fails to comply with Local Rule 72.3.

**F.  Objection VI**

Plaintiff objects to the magistrate judge's finding that no due process claim is viable in this case.  Smith totally ignores the case law cited by the magistrate judge that governs due process in a prison setting.  The objection is without merit.

**G.  Objection VII**

Plaintiff objects to the finding that Warden Donatge be dismissed from this action but does not address the case law applicable to this issue.  Instead, he once again invites this court to read certain documents.  Plaintiff has failed to cite to any case law in support of his objection to refute the magistrate judge's conclusion and recommendation.  This objection is without merit.

**H.  Objection VIII**

Plaintiff objects to the recommendation that summary judgment be granted to Defendant Kearney.  In the complaint, Plaintiff asserts that when he complained to Defendant Kearney about his living conditions, Kearney made a statement, "I was told to make sure that you get nothing while you are at this prison." (Doc.  1, ¶ 140.)  Verbal threats or harassment does not constitute cruel and unusual punishment.  *DeWalt v.  Carter*, 224 F.3d 607, 612 (7th Cir.  2000).  Kearney's statement, without more, does not rise to a constitutional violation.  This objection is without merit.

**I.  Objection IX**

Smith objects to the recommendation that Chiarelli be dismissed from this action.  The only allegation against this defendant is in paragraph 52 of the complaint in which Plaintiff alleges that Chiarelli shut off the water in his cell for several hours.  The magistrate judge addressed this issue, cited cases relative to this issue and proposed that the facts of this case regarding the shutting off of the water

did not rise to a violation of conditions of confinement.  Plaintiff does not cite to opposing case law.  The objection is without merit.

### J.  Objection X

Plaintiff objects to the recommendation that summary judgment be granted to Maloney and Hebron on the due process claim.  This is the same objection raised in Objection VI above and the same holding applies.  The objection is without merit.

### K.  Objection XI

This objection is a repetition of Plaintiff's objection to the magistrate judge's findings on the conditions of confinement.  This objection has been addressed above and will not be repeated.

### L.  Objection XII

Plaintiff claims that Defendant Moskwa should be added to Blume, Mallick and Talutto for failure to seek medical aid for Plaintiff's eye injury and cites to paragraphs 53 to 55 of the complaint.  Nowhere in these paragraphs does Moskwa's name appear.  This objection is without merit.

### M.  Objection XIII

Plaintiff objects to the magistrate judge's recommendation to grant summary judgment in favor of defendants on Plaintiff's claims which relate solely to alleged verbal harassment.  For the reasons stated under Objection VIII above, this objection is without merit.

### N.  Objection XIV

Smith objects to the dismissal of Warden Donate.  This issue has been addressed above under Objection VII and will not be rehashed here.  Again, the objection is without merit.

### O.  Objection XV

Plaintiff states he believes all named defendants involved in this cell extraction should be included in his failure to intervene claim.  Once again, Plaintiff refers to various pages and paragraphs of the complaint and his brief in opposition to the motion for summary judgment without specificity.  The magistrate judge has recommended to maintain the failure to intervene claim against Defendants Carrol and Zemantauski.  This objection has no merit.

### P.  Objection XVI

In this objection, Plaintiff reargues his lack of medical care claims. These issues have been discussed above and will not be repeated here.


## IV.  Conclusion

This court has read the complaint (doc.  1), Plaintiff's brief in opposition to the motion for summary judgment (doc.  124), the report and recommendation of the magistrate judge (doc.  150), and the law applicable to the claims in this case.  The court will adopt the report and recommendation.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  August 15, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALAN SMITH,                    :     CIVIL NO.  4:10-CV-2133
                               :
              Plaintiff        :
                               :     (Judge Rambo)
       v.                      :
                               :     (Magistrate Judge Carlson)
JANINE DONATE, *et al.*,       :
                               :
              Defendants       :

**O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Carlson (doc.  150).

2) Summary judgment is granted in favor of Defendants Donate, Maloney, Hebron, Kearney, and Chiarelli and against Plaintiff.

3) Summary judgment is granted in favor of Mallick and against Plaintiff on the issue of conditions of confinement.

4) Summary judgment is granted in favor of all Defendants, except Blume, Mallick and Talutto, and against Plaintiff, on Plaintiff's medical deliberate neglect claims.   Summary judgment is denied as to Blume, Mallick, and Talutto on Plaintiff's claim that a caustic cleaning substance was sprayed in his eyes on November 20, 2008, and defendants Blume, Mallick, and Talutto ignored his request for help, and denied him water to rinse out his eyes, for a period of time before transporting Smith to be seen by medical personnel.

1

5) Summary judgment is denied as to Defendants Carrol and Zemantauski on Plaintiff's failure to protect or intervene claim.

6) Summary judgment is denied on Plaintiff's excessive force claim on the cell extraction of November 21, 2008 as to Defendants Shanley, Blume and Mallick.

7) Summary judgment is denied as to Defendants Moskwa and Talutto on the excessive force claim on the use of handcuffs.

8) Summary judgment is denied as to Defendants Capone, Baum, Talutto and Mallick on the excessive force claim arising out of the cell extraction.

9) Summary judgment is denied as to the failure to protect claim against Capone, Blume, Talutto, and Mallick on the verbal and deliberate disclosure to inmates of information relating to why Plaintiff was present at the prison (intent to incite inmates to assault Smith).  Summary judgment is GRANTED as to the remaining Defendants on Plaintiff's claims which relate solely to alleged verbal harassment.

10) The entry of the grants of summary judgment above shall be deferred until the conclusion of the case.

11) A separate case management order setting forth a trial date and the deadlines for the balance of this case will issue separately.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  August 15, 2012.

2