IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALAN SMITH,** : | **CIVIL NO. 4:10-CV-2133** |
| **Plaintiff** : | |
| : | **(Judge Rambo)** |
| v. : | |
| **JANINE DONATE,** *et al.,* : | |
| **Defendants** : | |

# **O R D E R**

Before the court is Plaintiff's motion to compel discovery (doc. 155). Previous motions to compel discovery have been filed and ruled on in this matter. On June 7, 2012, the magistrate judge to whom this matter was referred issued a memorandum and order (doc. 149) in which he directed Defendants to provide Plaintiff with "a form of disclosure of the information in their possession, custody, and control relating to instances which occurred between 2001 and 2011 in which individual Defendants were disciplined for infractions involving failure to report the use of excessive force, misconduct relating to the preservation of evidence following inmate assaults, and neglect of duties in matters affecting institutional security like inmate assaults and attempts."

On July 9, 2012, Defendants provided Plaintiff with a table (doc. 158, Ex. A), which Defendants believed to be in compliance with the order. Plaintiff does not agree that the table comports with the order of June 7, 2012 and has filed another motion to compel with supporting brief. The matter has been fully briefed by all parties and is ripe for disposition.

Plaintiff sets forth the argument that the chart contains vague and incomplete entries. Defendants believe they have adequately complied with the court orders and that any missing information is not provided by the reports in Defendants' possession.

This court agrees in part with Plaintiff and will set forth below the additional information that this court believes is in the records of Defendants and should be supplied:

>1) Isaac Hebron, June 1, 2010: What were the facts of the incident and what conduct was violated?
>
>2) Michael Mallick, August 8, 2010: Was Pinto assaulted by another inmate? What was Mallick's alleged misconduct?
>
>3) M. Zemantauski, September 13, 2011: What orders did he disregard for someone to be terminated – some egregious conduct occurred and more detail is required.
>
>4) Jason Talutto, August 8, 2010: The court assumes Pinto was assaulted by another inmate. Precisely what was Talutto's misconduct?
>
>5) Joseph Maloney: There is no date of the incident or the conduct that led to termination. It is inconceivable that his personnel record does not set forth this information.
>
>6) Patrick Capone, June 11, 2006 and January 17, 2007: The alleged misconduct is not cited – again, personnel records should contain this information.

**IT IS THEREFORE ORDERED THAT**:

1) Plaintiff's motion to compel discovery (doc. 155) is **GRANTED IN PART AND DENIED IN PART**.

2

2) No later than August 31, 2012, Defendant shall supply to Plaintiff the missing information cited above.  To the extent that defense counsel is relying on information provided by the prison, this is not acceptable.  Counsel is directed to review the entire personnel record of the individuals above and supply the missing information.

3) In all other respects, the motion is denied.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated:  August 16, 2012.